# STATE OF FLORIDA v SCHEWE

## Case No. 87-0040 AC

Seventeenth Judicial Circuit, Broward County

April 6, 1988

### APPEARANCES OF COUNSEL

**Christina L. Spudeas,** Assistant State Attorney, for appellant.

**Alan T. Lipson, Essen & Essen, P.A.,** for appellee.

### OPINION OF THE COURT

MARK A. SPEISER, Circuit Judge.

The State of Florida appeals from the trial court's order discharging

the defendant for violation of her right to a speedy trial pursuant to *Fla.R.Crim.P.* 3.191.

The defendant was arrested on September 21, 1986 for Driving Under the Influence. The information against her was not filed until October 22, 1986. She appeared at her arraignment on November 13, 1986 and at that time entered a plea of not guilty and timely filed her Demand for Discovery. On November 26, 1986 the State mailed to defense counsel its Discover Response, listing approximately fifteen (15) witnesses of whom six (6) were Ft. Lauderdale Police Officers. In the meantime, the trial of this cause had been noticed for December 9, 1986. On December 3, defense counsel noticed for deposition for December 8, 1986, thirteen (13) of the listed witnesses. All six (6) subpoena for the police officers were refused by the Fort Lauderdale Police Department liason the the ground that the Department's administrative policy requires seven (7) days notice for taking depositions. Three of the civilians could not be served because their respective addresses furnished by the State were incorrect. The remaining four (4) civilian witnesses, although duly served, failed to appear for their scheduled depositions.

On December 9, 1986, the scheduled trial date, defense counsel filed a motion to compel the correct address for Eileen McCray, one of the civilian witnesses and a Motion for Continuance not attributable to the Defendant for the failure of the police officers and remaining civil witnesses to appear for their scheduled depositions on December 8, 1986 in spite of the fact that they had been properly served and noticed. The trial judge directed that the matter of the continuance would be heard on December 19, 1986, the last day of the speedy trial period. Subsequently, the matter was rescheduled for hearing on December 18, 1986 because of the unavailability of the judge on the 19th. After hearing argument of counsel, the judge granted a continuance and ruled that it would not be attributable to the defendant. Subsequently, on April 9, 1987, Defendant filed her Motion to Discharge for failure of the State to bring her to trial within ninety (90) days of the date of her arrest as required by *Fla.R.Crim.P.* 3.191. Following a hearing, the Court granted the Motion and discharged the defendant.

The dispositive issue if whether the Court on December 18, 1986 properly determined that the continuance should not be charged to the defendant. After a review of the briefs and record on appeal and upon hearing argument of counsel, this Court finds that the trial court was correct.

The Court first notes that although the defendant was arrested on

September 21, 1986, the information in this cause was filed one month later, October 22, 1986, at which point one-third of the speedy trial had already elapsed. Moreover, the filing of her Discovery Demand on the arraignment date, November 13, 1986, did not violate any discovery rules and, in fact, is the usual practice. Thus, the Court must reject the State's argument that the Defendant was dilatory in pursuing discovery.

With respect to the civilian witnesses, the Court can not hold the State responsible for either their failure to appear for deposition or the incorrect addresses. Nevertheless, the Court does find that the failure of the six (6) Ft. Lauderdale police officers to appear for their properly noticed depositions is chargeable to the State. Pursuant to Section 48.031, Florida Statutes, the defendant gave the police officers the requisite five (5) day statutory notice for the taking of their depositions. The refusal to accept and/or appear for deposition because police department police requires seven (7) days notice is not based upon any statute, rule of procedure, or case law and, therefore, being of no legal effect is not binding upon the defendant. These police officers are agents of the State and the State is responsible for their actions in failing to comply with the subpoena for deposition. Based upon the foregoing, this Court concludes that the trial court properly charged the continuance to the State. Accordingly, it is hereby,

ORDERED AND ADJUDGED that the Order of Discharge is AFFIRMED.

DONE AND ORDERED in Chambers in Ft. Lauderdale, Broward County, Florida, this 6th day of April, 1986.